IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| KENNETH G. ROFFMAN, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NANCY A. BERRYHILL, § <br> Acting Commissioner of the Social § <br> Security Administration, § <br> § <br> Defendant. § | Civil Action No. 7:17-cv-00011-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), filed February 10, 2017. This case was referred to the undersigned pursuant to Special Order No. 3-251 on February 10, 2017. Denial of a motion for leave to proceed *in forma pauperis* (IFP) is a dispositive order to which the undersigned may only issue a recommendation to United States District Judge Reed O'Connor pursuant to Miscellaneous Order No. 6 of the Northern District of Texas, Rule 2(a)(4)(b).

After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) and DISMISS the case without prejudice.

**I.   Background**

Plaintiff initially filed his Complaint, through his attorney of record Howard D. Olinsky, on February 10, 2017, seeking review of a decision of the Commissioner of Social Security denying his application for benefits. ECF No. 1. Together with this Complaint, Plaintiff filed a

Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2), in which he declared that he is unable to pay the costs of the proceedings and requested that the prepayment of costs be waived pursuant to 28 U.S.C. § 1915.

By Order entered on February 13, 2017, the Court found that Plaintiff had the financial ability to pay the filing fee in this case without "suffering undue hardship." ECF No. 7. Therefore, the Court found that Plaintiff was not entitled to proceed *in forma pauperis*, ordered Plaintiff to pay the filing fee within fourteen days of the Court's Order, and informed Plaintiff that his failure to do so would result in the case being subject to dismissal without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at 2. To date, Plaintiff has failed to pay the required filing fee.

## II. Legal Standard and Analysis

"There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915). 28 U.S.C. § 1915(a), the statute governing proceedings *in forma pauperis*, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "At the same time, a district court may order users of the courts to pay a portion of the filing fees when they are financially able to do so." *Id.* (citing *Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982)). "To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Prows*, 842 F.2d at 140. Ultimately, the decision whether to grant a request to proceed

*in forma pauperis* is within the discretion of the district court. *Williams*, 681 F.2d at 947 (citing *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. 1981)); *Woodards v. Traurig*, No. 3:11-CV-2678-L-BH, 2011 WL 6934966, at *1 (N.D. Tex. Nov. 22, 2011), *report and recommendation adopted,* No. 3:11-CV-2678-L-BH, 2011 WL 6934965 (N.D. Tex. Dec. 30, 2011).

In his financial affidavit, Plaintiff declares that he has an average monthly income of $4,200, his spouse has an average monthly income of $1,500, and together he and his wife have average monthly expenses of $5,398 with three dependents. ECF No. 2 at 1-2, 5; *see also Dow v. Colvin*, No. 4:13-CV-299-A BJ, 2013 WL 1952092, at *1 (N.D. Tex. Apr. 15, 2013) (it is appropriate to consider a spouse's income when evaluating the total monetary resources available to assist a plaintiff). Plaintiff further states that he and his wife own real estate and property assets totaling $202,000. ECF No. 2 at 3. Plaintiff's financial affidavit shows that he "will not be barred from the federal courts due to [his] lack of financial resources." *Williams v. U.S. Postal Serv.*, No. 3:10-CV-435-WHB-LRA, 2010 WL 3828922, at *1 (S.D. Miss. Aug. 10, 2010), *report and recommendation adopted,* No. 3:10-CV-435-WHB-LRA, 2010 WL 3827944 (S.D. Miss. Sept. 24, 2010). Although Plaintiff and his wife have three dependents, the Department of Health and Human Services poverty guidelines for 2017 establish a guideline for a five-person household of $28,780. DEP'T OF HEALTH & HUMAN SERV., POVERTY GUIDELINES (Jan. 2017), https://aspe.hhs.gov/poverty-guidelines. "As Plaintiff's household income is far above that threshold, the application shows that Plaintiff has sufficient resources available to pay the filing fee." *Dow*, 2013 WL 1952092 at *1. Though the court in *Dow* applied the 2013 poverty guidelines to determine the income threshold, this Court applies the 2017 guidelines for this current action. After consideration of the Plaintiff's sworn affidavit and financial circumstances of his family, the undersigned finds that Plaintiff has not demonstrated that he lacks the financial ability to pay the

costs of the proceeding without suffering undue hardship. *See Webster v. Chertoff*, No. 3:06-CV-0438-M, 2006 WL 757875, at *1 (N.D. Tex. Mar. 20, 2006) (quoting *Prows*, 842 F.2d at 140).

### III.     Conclusion

Because Plaintiff has the financial ability to pay the costs of the proceeding without suffering undue hardship, the undersigned RECOMMENDS that Judge O'Connor DENY Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) and DISMISS the case without prejudice.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 9, 2017.

                                                     Hal R. Ray, Jr.
                                                     UNITED STATES MAGISTRATE JUDGE